BOND STORES, INCORPORATED, Appellant, *v.* MAX DEUTSCH et al., Respondents.

BOND STORES, INCORPORATED, Appellant, *v.* LOUIS BUCCIERI et al., Respondents.

BOND STORES, INCORPORATED, Appellant, *v.* ROBERT SELTZER et al., Respondents.

First Department, November 15, 1948.

*Bernard Grossman* of counsel (*Goldberg & Grossman,* attorneys), for appellant.

*Jacob Rosenberg* and *Kermit F. Kip* for respondents.

GLENNON, J. The basic issue presented is whether a sublessor may avail itself of the provisions of subdivision (c) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.). By a divided court the Appellate Term has held that subdivision (c) may be invoked only by the owner of the property. With that interpretation of the statute we do not agree.

The several subdivisions of section 8 were enacted to govern different situations which might arise during the life of the act. Each subdivision deals with a different set of facts. In limiting the provisions of subdivision (c) to owners the Appellate Term read into (c) some of the conditions found in subdivision (d) which were imposed to cover an entirely different situation. In so doing the court fell into error.

We must bear in mind that the primary purpose of the act is to prohibit the exaction of unjust and oppressive rents from tenants in possession of commercial space. Subdivision (d) deals with a situation where a landlord seeks to recover possession for his own use. If the only requirement was that a person seeking possession be the " landlord " as that word is defined in section 2 of the act, abuse might result. The Legislature, therefore, imposed the additional conditions that the one seeking possession was also to be the owner of the property and have a substantial interest in the business which was proposed to be conducted in the space sought to be recovered.

The additional requirements are not to be found in subdivision (c) which relates to a situation where possession of the premises is sought for the purpose of demolishing the existing building and erecting a new one. Apparently the Legislature did not believe that a landlord, i.e., a person entitled to receive the rents, would go to the extreme of demolishing an existing building in order to be in a position to demand unreasonable rents. It considered no conditions such as provided for in subdivision (d) as being necessary, and therefore imposed none.

We find nothing in the act requiring the proposed new building to be of any particular type or size. The only condition imposed is that a building be erected. The one-story building, housing a loading platform, which the appellant proposes to

build upon the property is a building within the purview of the statute.

The determination of the Appellate Term should, therefore, be reversed and the three final orders of the Municipal Court in favor of the landlord should be reinstated, with costs to the landlord in all courts.

PECK, P. J., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Determination of the Appellate Term unanimously reversed and the three final orders of the Municipal Court reinstated, with costs to the landlord in all courts. [See *post,* p. 927.]